BENÍTEZ *v.* RODRÍGUEZ ET AL.

APPEAL from the District Court of Humacao.

No. 519.—Decided June 25, 1910.

RIGHT TO PERSONAL PROPERTY.—In accordance with section 1 of the Act of March 14, 1907, page 308, the question as to who has the best right to personal property under attachment may be decided in proceedings for the trial of the right to personal property provided for in said act.

ID.—CONGRUENCE OF JUDGMENT—DUTIES OF COURT.—Where the ownership of a sum of money is claimed by the plaintiff in a complaint in intervention, the judge must decide the question whether or not the money belongs to the plaintiff.

ID.—RESCISSION OF DEED OF SALE—RIGHT OF OWNERSHIP TO MONEY WHICH PROCEEDED FROM THE RESCISSION OF A CONTRACT.—M. R., together with her husband, A. B., on April 24, 1909, brought an action against D. G. G. to recover $3,500, and, to secure the effectiveness of the judgment, attached the sum of $2,000 which the defendant was to receive from M. R. and her husband, as a consequence of the rescission of a deed of sale to a house. E. B. C. filed a complaint in intervention and alleged and proved that by public deed executed January 8, 1909, the defendant, D. G. G., and his wife sold him the house involved, and agreed that in case M. R. and her husband succeeded in obtaining the rescission of the sale made to the defendant, D. G. G., the plaintiff in intervention, S. P. C., should receive the sum of $2,000 above-mentioned, and that the sale made by M. R. and her husband to D. G. G. having been rescinded and, as a consequence thereof, the sale made by D. G. G. to the plaintiff in intervention having been likewise rescinded, he, and not the plaintiff, M. R. and her husband, were the real owners of the property attached. The Supreme Court, in view of these facts and the provisions of section 1825, paragraph 3, letter A, of the Revised Civil Code, decided the case in favor of the plaintiff in intervention.

The facts are stated in the opinion.

*Mr. Eugenio Benítez Castaño* for appellant.

*Messrs. Hord & Scoville* for respondents.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal from a judgment of the District Court of Humacao rendered in a case prosecuted under the provisions of the act to provide for the trial of the right to personal property, etc., approved March 14, 1907, Laws of 1907, p. 308.

It appears from the record that the plaintiff, Eugenio Benítez, made a sworn petition to the marshal of the District Court of Humacao, in accordance with the law and accompanied by the proper bond, requesting the delivery to him, as the owner thereof, of the sum of $2,220, attached by María Rodríguez de Bustelo and Miguel Bustelo Guzmán in the action prosecuted by them against Domingo Gutiérrez Gely for the recovery of a sum of money.

The $2,220 were delivered to the plaintiff, who, within the term prescribed by law, filed his complaint against María Rodríguez de Bustelo Guzmán and Domingo Gutiérrez Gely, alleging the following facts:

"First. On April 24 of the current year, María Rodríguez, accompanied by her husband, Miguel A. Bustelo, filed a complaint in the court of this district against Domingo Gutiérrez Gely to recover the sum of $3,500. And on the date after furnishing an undertaking, which was approved by the court, the said María Rodríguez and Miguel A. Bustelo applied for and obtained a writ of attachment to secure the effectiveness of the judgment which might be rendered in the said proceedings against the property of the said Domingo Gutiérrez Gely.

"Second. The writ of attachment was levied by the marshal of this district court on the 26th day of the month of April attaching the sum of $2,220 which at that date were in the possession of the said María Rodríguez and Miguel A. Bustelo and, at the present time, are on deposit in the possession of the plaintiff by virtue of this action in intervention and as the property of the defendant, Domingo Gutiérrez Gely, which $2,220 became due by reason of the rescission of a contract of sale of an urban estate made by Rodríguez and his wife to the said Gutiérrez, which rescission made necessary the return of the property sold by Gutiérrez to the said Rodríguez Bustelo and the return by the latter to the former of the amount mentioned and attached.

"Third. That by deed executed in Humacao, P. R., before Notary Ulpiano Valdés Cajas by Domingo Gely and his wife, Avelina Noya y Frías, the said parties sold, on January 8, 1909, to the plaintiff, Eugenio Benítez Castaño, the urban estate referred to in the second statement of fact of this complaint for the sum of $3,500; and said deed of sale contains the following clause: 'The parties expressly agree that in the event that the Bustelo spouses should secure the rescission of the deed of purchase and sale made by Gutiérrez, Benítez will recover the sum of $2,220 which said spouses shall be obliged to return if this contract be absolutely rescinded, and that the difference between this sum and $3,000 shall be paid by the vendors alienating or encumbering any other property of which they can dispose.'

"Fourth. That by virtue of the rescission of the contract of sale entered into between Bustelo Rodríguez and his wife and Domingo Gutiérrez, the contract of sale of the same estate by Gutiérrez to Benítez Castaño was likewise rescinded, and by virtue of the latter rescission the condition mentioned in the foregoing statement of fact came into full force and effect as to the return of the price of said sale by Gutiérrez and his wife to the plaintiff, Benítez Castaño.

"Fifth. That the sum of $2,220, attached by Bustelo Rodríguez and his wife as belonging to Gutiérrez, is the principal part of the price of the sale between the plaintiff, Benítez, and Gutiérrez and his wife, which was rescinded, as is expressly provided by the condition of said contract, referred to in the third statement of fact of this complaint, and, therefore, the said sum of $2,220 is the sole and exclusive property of the plaintiff, Benítez."

The plaintiff prayed:

"That, after the proceedings prescribed by law, judgment be rendered in due time sustaining this complaint in intervention of ownership, ordering the dissolution of the attachment levied by Bustelo Rodríguez and his wife, and that the $2,220 be relieved of all charges and placed at the disposition of the sole owner thereof, who is the plaintiff, with the costs against the defendants making any opposition."

The defendants, Rodríguez and Bustelo, alleging that the complaint did not state facts sufficient to constitute a cause of action, filed a motion seeking an order to the effect that the

intervenor, Benítez, deliver the $2,220 to the secretary of the court, on the ground that said sum, according to the previous orders of the court, was in *custodia leges,* deposited with the secretary to answer for the judgment rendered against his codefendant, Domingo Gutiérrez Gely, and had in no case been in the possession of the marshal of the court, who had improperly delivered it to the intervenor, Benítez; and they finally filed their answer alleging the following facts:

"First. They deny the facts alleged in the second paragraph of the complaint in intervention, in the matter in which they are therein set forth, and they allege that the said $2,220 is now in the possession of the plaintiff, Eugenio Benítez Castaño, purely by virtue of this intervention, without any right whatsoever on his part to possess the same; these defendants deny that the judgment of this court, affirmed by the Supreme Court, required the return of the property sold by Gutiérrez to these defendants, and they do allege that said sum of $2,220 was in the possession of this court in *custodia leges,* the plaintiff having no authority or legal right to either attach the same or to secure possession thereof.

"Second. With reference to the facts alleged in the third paragraph of the complaint in intervention, these defendants allege that, as they are not aware of the truth of the allegations made, and on information and belief, they deny the truth of such facts, and also, by information and belief, deny that the said $2,220 belong to the plaintiff, Eugenio Benítez Castaño, and they allege that if the defendant, Domingo Gutiérrez Gely, owes said sum to the plaintiff, Eugenio Benítez Castaño, the former has no right to assign to him the said sum of $2,220 in payment thereof; and not knowing it of their own knowledge, they deny that the said Gutiérrez Gely owes the plaintiff any sum whatsoever.

"Third. For the reasons already alleged in the answer, they absolutely deny the truth of the allegations contained in the fourth paragraph of the complaint.

"Fourth. They admit that the $2,220 is the principal part of the price of the sale which it is sought to rescind in the complaint, to which reference has been made, but they absolutely deny that it belongs to the plaintiff, Eugenio Benítez Castaño, and they also absolutely deny the legal right of the said Gutiérrez Gely to assign said

sum, or any part thereof, to the plaintiff in this case, and, also, the right alleged by the plaintiff to receive such assignment.''

And they prayed the court:

''That it dismiss the complaint in intervention, and direct that the $2,220 be returned by the intervenor to the secretary of the court to answer the judgment to be 1endered in the case, entitled *Miguel A. Bustelo and his wife, María Rodríguez de Bustelo* v. *Domingo Gutiérrez Gely*, for the recovery of a sum of money, pending in this court, and that they be relieved of all responsibility under this complaint.''

The defendant, Gutiérrez, did not make any allegation whatsoever.

A day having been set for the hearing, the plaintiff appeared through his attorney and the defendant in person moved for a continuance on the ground that his attorney had not appeared. The plaintiff objected and the court ordered a continuance for a few moments to afford an opportunity to the party to prepare his attorney. The hearing having been resumed, both parties appeared through their attorneys. The exception taken by the defendants having been overruled, their attorney withdrew and the proceedings continued, the evidence of the plaintiff being heard, which consisted of deed No. 2 of the sale of an urban estate, executed in Humacao, on January 8, 1909, before Notary Public, Ulpiano Valdés; the judgment roll in case No. 661, District Court of Humacao, *Domingo Gutiérrez Gely* v. *Miguel A. Bustelo et. al.;* and the testimony of witnesses, Eugenio Benítez, the intervenor, who ratified the facts alleged in the complaint, and Domingo Gutiérrez who, among other things, said:

''That the property involved was the same house which he sold to Benítez for the sum of $3,000 or $3,500, he does not remember exactly which price was received by him and his brother-in-law, partially as a loan to the extent of $2,500, and the remainder of the price of the sale represented fees which he owed them. That in said sale they established the condition that, if the court should rescind the contract

of sale entered into between Bustelo Rodríguez and his wife in favor of the declarant and his wife, then the contract of purchase and sale entered into in favor of Benítez would be rescinded, the amount which Bustelo was to return to him by reason of the rescission of the contract remaining in favor of said Benítez as a part of the price received.''

The court decided against the plaintiff on the grounds set forth in the following opinion:

''In this case, by the deed of sale presented by the plaintiff in intervention, it is established that 'the parties expressly agree that in the event that Bustelo and his wife should obtain the rescission of the contract of the purchase and sale entered into with Gutiérrez, Benítez will recover the sum of $2,220 which said Bustelo and his wife are obliged to return; that this contract cannot be absolutely rescinded,' etc.

''As will be observed from the above, the intervenor never owned the said sum of $2,220, but only a 'right' to the collection thereof. This right arose upon the rescission of the private contract entered into between Bustelo and Gutiérrez, and especially when the former complied with the order of this Supreme Court by depositing said sum with the secretary of this court.

''This being the case, it is our opinion that in special proceedings in intervention we cannot consider questions as to the preference of credits and better rights, especially when the right of the intervenor was derived from the sale, and in its absence, from the assignment of real property in litigation which had not been recorded in the registry of property on account of his refusal to do so.

''Consequently, the complaint in intervention is dismissed, with other pronouncements prescribed by Act of March 14, 1907, applicable to this case.   Done in open court this 4th day of January, 1910.''

In our opinion the theory advanced by the trial judge to the effect that this case cannot be decided under the provision for proceedings in intervention, is not well founded. Section 1 of the act, which we cited at the beginning of this opinion, is very clear and reads as follows:

''Section 1.—That whenever any marshal or other lawful officer shall levy a writ of execution, attachment or other like writ upon

any movable property, and such property, or any part thereof, shall be claimed by any person who is not a party to such writ, such person, or his agent or his attorney, may make oath in writing before any officer authorized to administer oaths that such claim is made in good faith, and present such oath to the officer who made such levy."

The intervenor claimed the sum of money in question as his own and the judge should have decided whether it belonged to him or not.

It was alleged in the complaint, and it was proved at the trial, that the real owner of the $2,220 attached was the intervenor. It must be considered that the defendant, Gutiérrez, in not answering the complaint, and in expressly testifying at the trial, acknowledged the right of the plaintiff.

Furthermore, even though it should have been sought to decide solely what person had the better right to the ownership of the real property attached, such decision could have been rendered in the intervention proceedings, the purpose of which is to determine in a speedy manner, but with full guarantees for all interested parties, whether the personal property attached, as belonging to one or more specific persons, belonged to them or to one or more other persons claiming it as their own.

Having considered the allegations and the evidence upon this point and in view of the provisions of section 1825, subdivision 3, letter A, of the Revised Civil Code, the intervenor had a right preferred to that of the defendants, Rodríguez and Bustelo, to the $2,220 referred to.

The provisions of subdivision 7 of section 1823 are not applicable to this case, and we cannot consider either the allegation of the respondents with respect to the $2,220 to the effect that it was not in the possession of the marshal but in the custody of the secretary, because the record does not contain any evidence whatsoever of this fact.

The appeal should be sustained and the judgment appealed from, reversed, and the case remanded to the District

Court of Humacao directing it to render judgment sustaining the complaint.

*Reversed.*

Justices MacLeary and Wolf concurred.

Chief Justice Hernández and Justice Figueras did not take part in the decision of this case.